**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:26-cv-25786-LFL

JANE DOE,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.
_______________________________________ /

**ORDER REGARDING JURISDICTION AND BRIEFING SCHEDULE**

Pursuant to Southern District of Florida Administrative Orders 2023-18 and 2024-10 (the "Administrative Orders"), the undersigned United States Magistrate Judge has been assigned as the presiding Judge for all purposes in this case, including to enter a dispositive order and final judgment. The Administrative Orders permit any party to object to Magistrate Judge jurisdiction "by filing a motion for case reassignment within the deadline given to the parties by the assigned Magistrate Judge." S.D. Fla. Admin Order 2024-10.

Any party is free to object to Magistrate Judge jurisdiction without any adverse consequences whatsoever. If any party does object to Magistrate Judge jurisdiction by filing a motion for case reassignment, then a United States District Judge will be assigned to preside over this case and enter any dispositive order and final judgment, and the matter will be referred to the undersigned United States Magistrate Judge for a Report and Recommendation.

Consent streamlines the legal process because the legal standard of review is identical at all levels in the judicial review process. If the parties consent to have the case handled by a U.S. Magistrate Judge, then the Undersigned will enter a final decision and judgment in due course.

Any appeal of this judgment must be taken directly to the United States Court of Appeals for the Eleventh Circuit. If the parties do not consent, then the Undersigned will submit a Report and Recommendation to a U.S. District Judge, who will then enter a final decision and judgment. An appeal from that judgment is likewise taken to the Eleventh Circuit.

In accordance with 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Rule 1(h) of the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, the parties may waive their right to proceed before a U.S. District Judge of this Court and voluntarily consent to have a U.S. Magistrate Judge conduct any or all proceedings in this case and to order the entry of a final judgment. If no party objects to Magistrate Judge jurisdiction within **fourteen (14) days** from the entry of a notice of appearance by counsel for the Commissioner of Social Security, then nothing more need be done by the parties as to this issue and this case shall proceed in full before the undersigned United States Magistrate Judge for all purposes, including the entry of any dispositive order and final judgment.[1] However, if any party does object to Magistrate Judge jurisdiction, a Motion for Case Reassignment (requesting to have the case randomly reassigned to a United States District Judge) must be filed within **fourteen (14) days** from the entry of a notice of appearance by counsel for the Commissioner.

Regardless of whether any party objects to Magistrate Judge jurisdiction, the parties are required to fully comply with the following deadlines:

(1) Defendant shall file the complete administrative record within sixty (60) days of being served with the Complaint. *See* Fed. R. Civ. P. Supp. R. Soc. Sec. 4

[1] The filing of a party's motion for summary judgment or response in opposition without first filing a timely motion for case reassignment shall additionally be deemed as consent by that party to Magistrate Judge jurisdiction over all aspects of the litigation, including entry of a dispositive order and final judgment. *See Roell v. Withrow*, 538 U.S. 580, 591 (2003) (a party's consent to the Magistrate Judge's jurisdiction under § 636(c) is supplied by a "general appearance[] before the Magistrate Judge, after they ha[ve] been told of their right to be tried by a district judge").

(2) Plaintiff shall file Plaintiff's brief, *see* Fed. R. Civ. P. Supp. R. Soc. Sec. 6, in the form of a motion for summary judgment, setting forth the reasons for relief and including citations to the administrative record and relevant legal authorities, on or before sixty (60) days from the date the administrative record is filed.

However, notwithstanding Local Rule 56.1, Plaintiff should not file a separate statement of facts. Likewise, the statement of facts included in the motion need not be in separately-numbered paragraphs (though it may be, if Plaintiff prefers). However, all factual assertions (whether in the text of the summary judgment motion or in numbered paragraphs included in a section of the motion) must include specific page citations from the Administrative Record. Plaintiff may urge his own interpretation of the facts from the undisputed administrative record and may argue that those undisputed facts support his position or undermine the Administrative Law Judge's ruling (or the Commissioner's position).

(3) Defendant shall file his response brief, incorporating Defendant's own motion for summary judgment, *see* Fed. R. Civ. P. Supp. R. Soc. Sec. 7, to Plaintiff's brief/motion for summary judgment within thirty (30) days after Plaintiff files his brief/motion for summary judgment.

The same protocol described above about the Undersigned's modifications to Local Rule 56.1 (for Social Security cases) applies here, as well.

(4) Plaintiff shall file a reply brief in the form of a combined response to Defendant's brief/motion for summary judgment and incorporated reply to Defendant's response to his motion for summary judgment, within thirty (30) days after Defendant files his response and motion, as set forth in Paragraph 2 above.

The same protocol described above about the Undersigned's modifications to Local Rule 56.1 (for Social Security cases) applies here, as well.

(5) Notwithstanding the Local Rules, any submission by any party must be double-spaced, and for every 5 pages provided for in the Local Rules the parties shall have an additional page (*e.g.*, a 10-page reply may be 12 pages, a 20-page motion or response may be 24 pages).

(6) Motions for extensions of time **must be filed** in a timely fashion. "A motion for extension of time is not self-executing. . . . Yet, by filing these motions on or near the last day, and then sitting idle 'pending the Court's disposition of the motion,' parties essentially grant their own motion. The Court will not condone this." *Compere v. Nusret Miami, LLC*, No. 19-cv-20277, 2020 WL 2844888, at *2 (S.D. Fla. May 7, 2020) (internal citations omitted).

**DONE AND ORDERED** in Chambers at Miami, Florida, on this 12th day of October, 2026.

LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE