**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:26-cv-25786-LFL

JANE DOE,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

_______________________________________/

**ORDER**

**THIS CAUSE** is before the Court on Plaintiff's Motion for Leave to Proceed under Pseudonym and for Protection of Personally Identifying Information (ECF No. 4). For the following reasons, the Motion is **DENIED**.

## I. DISCUSSION

Federal Rule of Civil Procedure 10(a) requires that a complaint identify all parties to the action. Fed. R. Civ. P. 10(a) ("Every pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation. The title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties."). This rule "protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992) (citations omitted). However, this rule is not absolute. A party may still proceed anonymously in a civil suit in federal court upon a showing that he "has a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Id.* at 323 (quoting *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981). To be clear, however, "[i]t is the

exceptional case in which a plaintiff may proceed under a fictitious name." *Id.*; *see also Plaintiff B v. Francis*, 631 F.3d 1310, 1316 (11th Cir. 2011).[1]

Federal Rule of Civil Procedure 5.2 provides additional privacy protections for court filings, including the redaction of specified personal identifiers. Fed. R. Civ. P. 5.2(a). In Social Security benefits actions, Rule 5.2(c) restricts nonparties' remote electronic access to the docket and the Court's opinions, orders, judgments, and other dispositions unless otherwise ordered.

Plaintiff seeks leave to proceed under the pseudonym "Jane Doe," arguing that his Social Security disability appeal involves sensitive medical, psychiatric, trauma-related, and substance-use information. (ECF No. 4, at ¶ 6). Applying the relevant factors, Plaintiff challenges governmental action through his appeal of the Commissioner's denial of disability benefits. This factor alone does not overcome the strong presumption that parties must proceed under their real names. *Doe*, 951 F.2d at 324. To proceed under a pseudonym, Plaintiff must show that he would be required to disclose information of the utmost intimacy; suffering personal embarrassment, without more, does not obligate a court to allow a party to proceed under a pseudonym. *Id.* Plaintiff's Motion does not seem to take into account the protections ordinarily available in Social Security appeals or explain why these measures are insufficient to protect those interests. Specifically, pursuant to Rule 5.2(c), nonparties do not have remote access to the administrative record and other filings in this Social Security appeal; the only parties with access to his sensitive information are himself, counsel for the Commissioner, and the Court. While Plaintiff's identity would remain publicly available through the docket and the Court's dispositions, the underlying

[1] Courts may also consider other factors such as whether the plaintiff is a minor, whether disclosure would expose the plaintiff to threats of violence or physical harm, and whether anonymity would unfairly prejudice the defendant. *Plaintiff B*, 631 F.3d at 1316 (citation omitted). Plaintiff has not raised any of these factors here.

medical records would not ordinarily be remotely accessible to nonparties. *See* Fed. R. Civ. P. 5.2(c)(2)(A)–(B).

Plaintiff relies primarily on the anticipated presence of sensitive information in the administrative record and the possibility that disclosure of his identity would associate him with that information. While Plaintiff's concerns are valid, Plaintiff has not identified particular circumstances demonstrating that the existing protections are insufficient or that public identification would cause him harm beyond the privacy concerns inherently implicated in the appeal of a disability determination.

Accordingly, Plaintiff's motion to proceed under a pseudonym, is therefore **DENIED** without prejudice.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 3rd day of November, 2026.

LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE